UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MARTIN J. WOLF and JANE A. WOLF ) <br> For Himself and on Behalf of A Class of ) <br> Persons Similarly Situated As Set out ) <br> Herein ) <br> ) <br> PLAINTIFF ) <br> ) <br> v. ) <br> ) <br> NVR, INC. ) <br> ) <br> DEFENDANT ) | CASE NO. 05CV1618 <br><br> JUDGE ALDRICH |

**STIPULATED PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil procedure, NVR, Inc. ("NVR") and Martin J. Wolf, et al. ("Wolf") submit this Stipulated Protective Order to preserve the confidentiality of certain commercially sensitive, confidential, private and/or and proprietary information that has been or will be requested and produced in discovery in this matter. The parties agree that a protective order concerning discovery materials is necessary to protect the integrity of this information, the rights of each of the parties, and the rights of certain third parties.

It is therefore AGREED and ORDERED that:

1. The parties have the right to designate as confidential any discovery materials in this action which the responding party believes in good faith contain trade secrets, confidential, private and/or financial information or any other proprietary or confidential business information ("Confidential Discovery Material"). The parties stipulate that information deemed "Confidential Discovery Material" under the terms of this Stipulated Protective Order



may contain or disclose trade secrets and sensitive business information, and as such is exempt from disclosure under the Ohio Public Records Act, Ohio Revised Code §149.43(A)(1)(v); provided, however, that nothing in this Section shall limit the parties' right to challenge the designation of information as "Confidential Discovery Material" pursuant to Paragraph 8 of this Stipulated Protective Order, and provided further that nothing in this Section shall be construed as preventing the Court or its agents from abiding by the terms of the Ohio Public Records Act with respect to any "Confidential Discovery Material" which is not exempt from the definition of public records.

2. Confidential Discovery Material produced in this case, and copies thereof, and the information contained therein, shall be made available to and inspected by:

a. The parties and their officers, employees and agents who are assisting in prosecuting or defending this action;

b. Counsel of record for the parties in this action and their employees and agents who are working on this case;

c. Expert witnesses and consultants, and their employees, who are directly employed or retained in connection with this action by counsel for the parties;

d. Other witnesses or deponents and their counsel, during the course of or in preparation for deposition or testimony in this action; and

e. The Court and Court employees, including court reporters at proceedings in this action.

3. All information and documentation produced in discovery in this case, including all copies and information obtained from such discovery material shall be used by the party or person receiving it only in connection with prosecuting or defending this action.

Without limitation of the foregoing, Confidential Discovery Material shall not be used for any business, competitive, personal and/or other purpose, and shall not be disclosed to any person or entity, except as provided herein.

    4.    The parties shall designate Confidential Discovery Material as follows:

    a.    In the case of documents, things, interrogatory answers, responses to requests for admissions and information contained therein, designation shall be made by stamping the legend "**Confidential**" at the time of production. Inadvertent failure to designate a document as "Confidential" may be corrected by supplemental written notice given as soon as practical.

    b.    In the case of depositions, designation of a portion of the transcript (including exhibits) which is "Confidential" shall be made upon review of such transcript by counsel for the party to whose Confidential Discovery Material the deponent has had access. Said review by counsel shall occur within fourteen days after counsel's receipt of the transcript. Counsel shall list on a separate piece of paper the numbers of the pages of the transcript containing Confidential Discovery Material, inserting the list at the end of the transcript, and mailing copies of the list to counsel for all parties so that it may be affixed to the face of the transcript and each copy thereof. The party disclosing Confidential Discovery Material shall have the right to exclude from attendance at the deposition during such time as the Confidential Discovery Material is to be disclosed any person other than the deponent and the persons agreed upon pursuant to Paragraph 2 above.

    c.    In the event the producing party elects to produce documents and things for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of this initial inspection, all documents and things will be considered as

stamped "Confidential." Thereafter, upon selection of specified documents for copying by the inspecting party, the producing party shall mark the copies of such documents as may contain protected subject matter with the confidentiality marking at the time the copies are produced to the inspecting party.

        d.    Transcripts of depositions will not be filed with the Court unless it is necessary to do so for the purposes of trial or motions to the Court. If a deposition transcript is filed and if it contains Confidential Discovery Material, the transcript shall bear the appropriate legend on the caption page and shall be filed under seal.

        5.    The persons described in Paragraphs 2(a), 2(b), 2(c) and 2(d) shall have access to Confidential Discovery Materials only if they have been made aware of the provisions of this Order and have expressly agreed to be bound thereby.

        6.    A list shall be maintained by counsel of the names of all persons, other than Court personnel and counsel for the parties and their employees, to whom Confidential Discovery Material is disclosed. Such list shall be available for inspection by the Court upon good cause shown by any opposing counsel. The persons receiving Confidential Discovery Material are enjoined from disclosing such Material to any other person in conformance with this Order.

        7.    Each individual who receives any Confidential Discovery Material hereby agrees to subject himself/herself to the jurisdiction of the United States District Court for the Northern District of Ohio, Eastern Division for the purpose of any proceeding related to the performance under, compliance with, or violation of this Stipulated Protective Order.

        8.    In the event that a party receiving material designated as "Confidential" disagrees with such designation, that party shall serve a written notice of objection on the party

designating the material. The parties shall then attempt in good faith to resolve the dispute. If the parties are unable to come to a resolution within ten (10) days of the written notice of objection, within twenty (20) days after receiving the written notice of objection the party requesting protection of the material shall arrange for a conference with the Court to resolve the conflict. Any such material shall seek to be treated as Confidential until such time as the Court enters an order. Nothing in this Stipulated Protective Order shall shift the burden of proof as to the confidentiality of the documents or the opposing party's entitlement to them.

9. In the event that counsel for either party determines that the prosecution of this action requires that Confidential Discovery Materials be disclosed to persons not otherwise authorized herein, such counsel shall provide the other party written notice by facsimile or hand delivery of the intended disclosure (which shall specify with particularity the Confidential Discovery Material to be disclosed and the identity of the otherwise unauthorized person). This written notice shall be given not less than five (5) business days prior to intended disclosure, or such shorter period as is mutually agreeable to the parties in any particular case. If, within five (5) business days after receipt of such notice, a party objects in writing to such disclosure, the documents Produced Pursuant to Protective Order shall not be disclosed unless the Court so orders.

10. All Confidential Discovery Material and any papers containing information contained in or derived from such documents that are filed with the Court shall be filed in sealed envelopes bearing the title of this action and shall be marked "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER – TO BE OPENED AS DIRECTED BY THE COURT." The Clerk of the Court is directed to maintain under seal all documents and

transcripts of deposition testimony submitted to the Court in this matter that have been designated, in whole or in part, as Confidential Discovery Material.

11. In the event that either party receives a third party subpoena or other form of legal process requesting Confidential Discovery Materials produced in this case, the party receiving such request will provide the other party written notice by facsimile or hand delivery that such a request was received and provide a copy of the request with the written notice. The party receiving the third party subpoena or other form of legal process shall provide notice by facsimile or hand delivery of the request to the other party within five (5) days of receiving the subpoena and shall not produce the requested documents for at least ten (10) business days after giving such notice, unless the other party states in writing that it does not intend to seek protection in connection with the third party subpoena or other form of legal process concerning those Confidential Discovery Material. If the subpoena requires production of Confidential Discovery Material in less than fifteen (15) days, the party must provide written notice by facsimile immediately.

12. At the conclusion of this action, including all appeals, all discovery material labeled "Confidential," including all copies, extracts and summaries and all documents containing information taken therefrom, shall be returned to the producing party no later than sixty (60) days after the unappealed or unappealable final judgment or settlement of this action. As to copies, extracts, or summaries containing attorney work product, such documents may be destroyed by the receiving party in lieu of returning such items to the production party.

13. In the event additional parties are added to this litigation, each new party's counsel shall sign a duplicate original of the Stipulated Protective Order and sent it to all counsel for the parties and cause same to be filed with the Court.

14. Modification of this Order may be made only with notice to all of the parties and upon order of this Court.

IT IS SO ORDERED, this 2nd day of February, XXXXXXX 2006

                                              s/Ann Aldrich
                                              Ann Aldrich, Judge
                                              United States District Court

AGREED AND STIPULATED:

*[signature]*

Bill J. Gagliano (0021007)
David D. Yeagley (0042433)
Aliceia J. Smith (0077380)
ULMER & BERNE LLP
Penton Media Building
1300 East Ninth Street, Suite 900
Cleveland, Ohio 44114-1583
bgagliano@ulmer.com
dyeagley@ulmer.com
asmith@ulmer.com
Tel. (216) 931-6000
Fax (216) 931-6001

Attorneys for Defendant NVR, Inc.

*[signature]*

Edward W. Cochran
20030 Marchmont Road
Shaker Heights, Ohio 44122

*[signature]*

Edward F. Siegel (0012912)
5910 Landerbrook Drive, Suite 200
Cleveland, Ohio 44124

Attorney for Plaintiffs Martin J. Wolf, et al.

-7-